# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3:12cv12
## [3:11cr124]

| | |
|---|---|
| VIC HENSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the court on petitioner's Motion under 28, United States Code, Section 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. Motion, United States v. Henson, 3:11CR124 (#310), Henson v. United States, 3:12CV12 (#1). In that motion, petitioner raised the following issue:

(I) Petitioner Received Ineffective Assistance by Trial Counsel:
    (a) Counsel Failed to Advise Petitioner of the Benefits of Cooperation;
    (b) Counsel Failed to Explore and Argue Potential § 3553(a) Factors; and
    (c) Counsel Agreed to a Set Variance Without Consultation with Petitioner.

The respondent has filed its Answer to Petitioner's Motion to Vacate (#8) and has therein requested that the motion be denied and that the petition be dismissed. Id. Respondent has also filed its Motion for Summary Judgment (#9) and supported such with a Memorandum of Law, which is contained in the Answer (#8). In further support of such motion, respondent has attached the affidavit of Harold J. Bender (#8-1) (hereinafter "Bender Aff."). Petitioner has timely filed her Response (#10), and the court determines that a hearing is not necessary as the issues are adequately covered by the briefs.

The court will adopt the history of the proceedings as provided in the respondent's brief as it accurately states the procedural history of petitioner's claim.

-1-

# FINDINGS AND CONCLUSIONS

## I. Summary Judgment Standard

Rule 56(a), Federal Rules of Civil Procedure, provides:

> A party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

Fed.R.Civ.P. 56(a). The rule goes on to provide procedures for plaintiff to use in responding to a Motion for Summary Judgment:

> **(c) Procedures.**
> **(1) Supporting Factual Positions.** A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>
> **(2) Objection That a Fact Is Not Supported by Admissible Evidence.** A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
>
> **(3) Materials Not Cited.** The court need consider only the cited materials, but it may consider other materials in the record.
>
> **(4) Affidavits or Declarations.** An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

Fed.R.Civ.P. 56(c).

On a motion for summary judgment, the moving party has the burden of production to show that there are no genuine issues for trial. Upon the moving party's meeting that burden, the non-moving party has the burden of persuasion to establish that there is a genuine issue for trial.

> When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. In the language of the Rule, the nonmoving [sic] party must come forward with "specific facts showing that there is a *genuine issue for trial*." Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no "genuine issue for trial."

Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (citations omitted; emphasis in the original) (quoting Fed. R. Civ. P. 56). There must be more than just a factual dispute; the fact in question must be material and readily identifiable by the substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).

By reviewing substantive law, the court may determine what matters constitute material facts. Anderson, supra. "Only disputes over facts that might affect the outcome of the suit under governing law will properly preclude the entry of summary judgment." Id. at 248. A dispute about a material fact is "genuine" only if the evidence is such that "a reasonable jury could return a verdict for the nonmoving party." Id. The court must credit factual disputes in favor of the party resisting summary judgment and draw inferences favorable to that party if the inferences are reasonable, however improbable they may seem. Cole v. Cole, 633 F.2d 1083, 1092 (4th Cir. 1980). Affidavits filed in support of a Motion for Summary Judgment are to be used to determine whether issues of fact exist, not to decide the issues themselves. United States ex rel. Jones v. Rundle, 453 F.2d 147 (3d Cir. 1971). When resolution of issues of fact depends upon a determination of credibility, summary judgment is improper. Davis v. Zahradnick, 600 F.2d 458 (4th Cir. 1979).

In determining whether a genuine issue of material fact exists, the admissible evidence of the non-moving party must be believed and all justifiable inferences must be drawn in his or her favor. Anderson, supra, at 255. In the end, the question posed by a summary judgment motion is whether the evidence "is so one-sided that one party must prevail as a matter of law." Id., at 252.

**II.     Ineffective Assistance Standard**

To establish a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance fell below an objective standard of reasonableness, and that she was

prejudiced by such constitutionally deficient representation. Strickland v. Washington, 466 U.S. 687-91 (1984). In measuring counsel's performance, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; see also Fields v. Attorney General of State of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1992). Furthermore, in considering the prejudice prong of the analysis, a court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). The petitioner "bears the burden of proving Strickland prejudice," Fields, 956 F.2d at 1297 (citing Hutchins, 724 F.2d at 1430-31), and if a petitioner fails to meet this burden, a reviewing court need not consider the performance prong. Id, at 1290 (citing Strickland, 466 U.S. at 697). Applying the foregoing principles to petitioner's allegations against counsel, it is apparent that she cannot prevail in this matter.

## III. Discussion

### A. Failure to Advise as to Benefits of Cooperation

Petitioner first contends that counsel failed to advise her of the benefits of cooperation. As shown by Mr. Bender's affidavit, counsel did not fail to advise petitioner of the benefits of cooperation, Bender Aff. at ¶¶ 3-5, but instead, petitioner made cooperation with the government impossible based on an unwillingness to fully divulge fraudulent wire transfers to a relative in Georgia. Id.

Even if counsel did as plaintiff contends, such failure resulted in absolutely no prejudice. As was clearly established at sentencing, by the time petitioner came to the table, there was no benefit that could have been derived from cooperation. At sentencing, the government stated that petitioner would not be eligible for a § 5K1.1 downward departure motion because "she didn't know anything about any of the people who pled guilty after

her," except for Ericka Flood. Sentencing Transcript (United States v. Henson, 3:10cr124 (#310-4)), at 7 (hereinafter "S.T."). As to Defendant Flood, there was not much Henson could have done to cooperate against her. Id. at 7-8. Flood had already given a full confession so there "wasn't anything, any information for [Henson] to provide that was invaluable to the Government." Id. at 8.

The court finds no merit to this contention.

**B.  Counsel Failed to Explore and Argue Potential § 3553(a) Factors**

Petitioner next contends that her counsel was ineffective because he failed to raise with the court at sentencing the fact that she was in an abusive domestic relationship in 1996.[1] While that is true, petitioner was interviewed by pretrial services in advance of sentencing and could have told the officer about such relationship and she was afforded an opportunity at the sentencing hearing to tell the court anything she wished to say:

> THE COURT:              You may say anything you wish to say before sentencing.
>
> DEFENDANT HENSON:   No.

S.T. at 19. The fact that petitioner was in an abusive relationship more than a decade before the sentencing would not have led this court to a lower sentence based on all the factors considered. The likelihood of a different, more lenient result must be "substantial, not just conceivable" for a court to find prejudice. Harrington v. Richter, __ U.S. __, ___, 131 S.Ct. 770, 792 (2011). Thus, any such error on the part of counsel was harmless as it resulted in no prejudice to defendant.

**C.  Counsel Agreed to a Set Variance Without Consultation with Petitioner**

Petitioner next contends that counsel failed to consult with her in accepting the 10%

---

[1] Petitioner raises other life factors that she contends were not raised; however, they were contained in the PSR which the court closely considered in sentencing.

downward variance offered by the court after it deemed petitioner's sentencing memorandum to be a motion for downward variance. While the court agrees with petitioner's legal argument ( to wit, that an attorney should always consult with the client as to any offer), accepting a sentence *below* the applicable guidelines range, when one is offered *sua sponte* by a court, is not deficient performance. Review of the sentencing transcript lends no support to petitioner's argument that counsel "encouraged the Court to limit its sentencing discretion" or that he conceded no other grounds existed for a greater variance.

In order to avoid unwarranted sentencing disparities, this court was prepared to afford petitioner a variance of not more than 10%. With certainty, the possibility of a more lenient result was not even conceivable based on the court's own recollection of sentencing. See Harrington, supra. Thus, any error was harmless as the court would not have granted a greater variance.

### ORDER

**IT IS, THEREFORE, ORDERED** that respondent's Motion for Summary Judgment (#9) is **GRANTED,** and petitioner's Motion under 28, United States Code, Section 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (United States v. Henson, 3:11CR124 (#310) & Henson v. United States, 3:12CV12 (#1)) is **DENIED**, and the Civil Action is terminated.

The Clerk of Court shall enter a judgment in the civil action in accordance herewith.

Signed: May 15, 2012

Max O. Cogburn Jr.
United States District Judge