# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:10cr124-2

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| ERICA L. FLOOD, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on defendant's October 26, 2012, letter in which she requests a reduction in her sentence and about "the credit for programming" under Pepper v. United States, 131 S.Ct. 1229 (2011). As defendant points to no error making her sentence an unlawful sentence, the court does not consider such letter to amount to a Motion to Vacate under 28, United States Code, Section 2255.[1] Instead, defendant appears to seek a reduction in her sentence based on her accomplishments while incarcerated and under Pepper, making her motion one under 18 U.S.C. § 3582(c)(1)(B)(2).

As to a reduction in sentence for accomplishments while incarcerated, defendant is advised that the court is without any authority to reduce her sentence based on her accomplishments while incarcerated, unless the Director of the Bureau of Prisons files a motion under § 3582(c)(1)(A) showing extraordinary and compelling reasons that warrant such a reduction. Generally, once a person is incarcerated, it is up to the Bureau of Prisons to calculate service of the sentence and to award any credits for accomplishments while incarcerated as well as participation in any program, such as under the *Second Chance Act*. Only the Director of the Bureau of Prisons can make such a request under § 3582(c)(1)(A).

---

[1] Petitioner has already filed and the court has denied her § 2255 petition, foreclosing such avenue of relief.

As to relief under the relatively recent decision by the United States Supreme Court in Pepper, the Court there held, among other things, that

> when a defendant's sentence has been set aside on appeal and his case remanded for resentencing, a district court may consider evidence of a defendant's rehabilitation since his prior sentencing and that such evidence may, in appropriate cases, support a downward variance from the advisory Guidelines range.

Id., at 1241. The decision in Pepper is application to cases remanded for resentencing after a defendant successfully appeals the Judgment. Further, it does not amount to a lowering of the guidelines range by the Sentencing Commission. Thus, defendant cannot seek relief from this court under § 3582(c)(2) as defendant never appealed this court's August 11, 2011, Judgment. Further, defendant never appealed the August 8, 2011, Order denying her Motion to Vacate. Thus, the Judgment entered by this court is final and there will be no resentencing after appeal making Pepper inapplicable. Put another way, the court has no authority to give a person a new sentence simply because they have done well while incarcerated, absent a motion from the Director of the Bureau of Prisons.

## ORDER

**IT IS, THEREFORE, ORDERED** that defendant's letter of October 26, 2012, considered to be a Motion for a Reduction in Sentence under 18 U.S.C. § 3582(c)(1)(B)(2) (#344), is **DENIED**.

Signed: November 13, 2012

Max O. Cogburn Jr.
United States District Judge