UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:10-cr-00124-2-MOC

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Vs. ) | ORDER AND ALTERNATIVE |
| ) | INDICATIVE RULING |
| **ERICKA L. FLOOD,** ) | |
| Defendant(s). ) | |

**THIS MATTER** is before the court on two *pro se* letters from defendant, both filed as pleading #349. In the first letter, defendant asks to be resentenced under "the new amendment 28 U.S.C.S. 994," which the court deems to be a motion to alter sentence under 18 U.S.C. § 3582. In the second letter, defendant attempts to challenge the government's decision not to afford her relief under Rule 35 or, perhaps, Rule 5K1.1. While such letters are directed to the undersigned personally, the court notes that this court's Order denying defendant's request for relief under Section 2255 in Flood v. United States, 3:12cv186, is presently on appeal. See Notice of Appeal (#348) ( Flood v. United States, No. 13-6054 (4th Cir. Jan. 11, 2013)).

## FINDINGS AND CONCLUSIONS

**I.    Pendency of Appeal**

Generally, motions to vacate or alter sentences will not be heard where direct appeal of the conviction is pending, except in "exceptional circumstances." Bowen v. Johnston, 306 U.S. 19, 26 27 (1939). In Griggs v. Provident Consumer Discount Co., 459 U.S. 56 (1982), the Supreme Court held, as follows:

1

> a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance-it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.

Id. at 58. Other courts have held, however, that Section 3582 motions can be resolved pending direct appeal where they do not touch on issues that are raised and still pending on direct review. "The general rule regarding divestiture of jurisdiction, however, does not apply to collateral matters not affecting the questions presented on appeal." Weaver v. Fla. Power & Light Co., 172 F.3d 771, 773 (11th Cir.1999).

After careful review, this court determines that the pending appeal of the Order entered in the Section 2255 proceeding does not seek "direct review" of the criminal judgment, and that the issues raised in the Section 2255 proceeding are distinct from the issues raised in defendant's Section 3582 request for resentencing. As to the second letter, complaints that the government has failed to file a Rule 35 motion are typically brought as § 2255 claims, as discussed infra. As such claim is resolvable after initial screening and does not appear to have been raised in the first § 2255 motion, the court will consider that request also as such resolution does not in any way modify the decision on defendant's earlier § 2255 motion.

Mindful that the pendency of an appeal can divest this court of jurisdiction, to the extent a reviewing court may find that the appeal in 3:12cv186 divests this court of jurisdiction to dispose of motions filed in this criminal action, the court submits this Order, in the alternative, as an indicative ruling. Fobian v. Storage Technology Corp., 164 F.3d 887 (4th Cir.1999) (although the district court may not actually modify or vacate its decision, it may give an indication of its inclination without violating the advisory opinion rule).

2

**II.     Relief Under Section 3582**

Section 3582(c)(2) does not permit a sentence reduction as a result of a Supreme Court decision or new law passed by Congress, but only permits a sentence reduction based on an amendment to the Sentencing Guidelines.  In pertinent part, § 3582 provides, as follows:

> **(c) Modification of an Imposed Term of Imprisonment**.— The court may not modify a term of imprisonment once it has been imposed except that—
> ***
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).  In turn, § 1B1.10(b) of the Sentencing Guidelines provides that in determining whether relief is available under § 3582(c):

> the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced.  In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

U.S.S.G. § 1B1.10(b).  Thus, when a court is asked to modify a sentence under § 3582, it may substitute only the retroactive amendment, while leaving all original sentencing determinations in place.  Freeman v. United States, 131 S.Ct. 2685, 2692 (2011).

Here, defendant asks that the court resentence her "in reference to the new amendment 28 USCS 994, Mortgage fraud and financial institution fraud; effective November 1, 2012."  Motion (#349), at 1.  While not cited by defendant, the court concludes that defendant is making reference to Amendment 761, which amends the Commentary to § 2B1.1 captioned "application

3

Notes." See U.S.S.G, Supp. to App'x C (Nov. 1, 2012). Such amendment has not, however, been made retroactive by the United States Sentencing Commission and, therefore, can provide defendant no relief. See U.S.S.G. §1B1.10(c). The court will deny such motion, but such denial will be without prejudice leaving open the possibility of defendant seeking future relief *if* the Sentencing Commission makes Amendment 761 retroactively applicable.

### III. Relief under Rule 35 or Rule 5K1.1

Foremost, the government did in fact file a Rule 5K1.1 motion seeking a downward departure of 25%, Motion (#232), which this court granted at sentencing.[1] Thus, defendant's motion appears to be limited to challenging the government's supposed failure to file a motion for a further reduction under Rule 35, Federal Rules of Criminal Procedure, in the six months since sentencing. Once a prisoner's sentence has been finalized, courts have held that the proper vehicle for complaining about the government's alleged failure to file a motion under Rule 35(b) is a motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255. United States v. Pierce, 120 F.3d 263, 1997 WL 471057, at *2 (4th Cir.1997) (*per curiam*) (unpublished table decision)(a prisoner's argument for a sentence reduction based on substantial assistance should have been construed as a section 2255 motion); c.f. United States v. Dais, 308 F. App'x 677, 677–78 (4th Cir.2009) (*per curiam*) (unpublished) (analyzing prisoner's argument that the government breached its plea agreement by failing to bring a motion under Rule 35(b) without addressing section 2255 or Pierce ). United States v. White, 366 F.3d 291, 300 (4th Cir.2004) (noting that the mere allegation, commonly asserted in § 2255 motions, that a petitioner was induced to plead guilty by a promise from the prosecutor not outlined in the plea agreement does not alone constitute an extraordinary circumstance warranting an evidentiary hearing). As

---

[1] While Rule 35 and Rule 5K1.1 matters are typically sealed, defendant has discussed such in her letters which were not submitted under seal.

defendant has already filed and the court has denied her Section 2255 petition, this claim is barred as a second or successive petition for which defendant has neither sought or received permission to file by the Court of Appeals for the Fourth Circuit. The court will, therefore, deny such request for relief under Rule 35 without prejudice as defendant (1) failed to raise such as a contention in her § 2255 petition, (2) she has not sought permission to file such claim as a subsequent petition, and (3) the time for the government to file a Rule 35 motion has not yet run.

**ORDER**

**IT IS, THEREFORE, ORDERED** that to the extent petitioner seeks relief in her two letters, both filed as pleading #349, such requests for relief are **DENIED** without prejudice.

**INDICATIVE RULING**

In the alternative, such findings, conclusions, and Order is submitted as an Indicative Ruling.

Signed: February 22, 2013

Max O. Cogburn Jr.
United States District Judge