# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:12cv657
# [3:10cr124-10]

| | |
|---|---|
| SARENA MOBLEY, | ) |
| Petitioner, | ) |
| Vs. | ) MEMORANDUM AND ORDER |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**THIS MATTER** is before the Court on petitioner's Motion under 28, United States Code, Section 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (#1), the respondent's Motion to Dismiss (#7) and supporting Answer (#6), and petitioner's Reply (#9). It appearing that the issues are fully briefed, the court enters the following findings, conclusions, and Order dismissing the petition.

## FINDINGS AND CONCLUSIONS

### I. Initial Screening

Upon receipt of the petition, the court conducted an initial screening of the motion under the Rules Governing § 2255 Proceedings, Rule 4(b) 28 U.S.C. §2255, and found that petitioner asserted the following contentions, to wit, that

    (I)    Petitioner's Sixth Amendment Right to Counsel was Denied based on Ineffective Assistance of Trial Counsel, for the following reasons:

        (a)    failure to object that there was no factual basis to support the guilty plea;

    (b)      failure to object that there was no subjective intent to inflict the pecuniary harm;

    (c)      failure to explain the essential elements of the charged offenses; and

    (d)      failure to object to the government's refusal to move for a reduction in offense level pursuant to U.S.S.G. § 3E1.1.

Within the time allowed, the respondent filed its answer and moved to dismiss the petitioner's contentions based on the record before the court. In accordance with Rule 5(d), the court allowed petitioner time to file a Reply and the court has deemed petitioner's February 7, 2013, Reply timely filed.[1]

## II.  Background

### A.  Pretrial

Petitioner was charged with nine others in a wide-ranging mortgage fraud and bank bribery conspiracy. In that indictment, petitioner was charged with conspiracy to commit mail fraud, wire fraud, bank fraud, and making a false statement in a loan application, in violation of 18 U.S.C. § 371; two counts of bank fraud, in violation of 18 U.S.C. § 1344; money laundering conspiracy, in violation of 18 U.S.C. § 1956(h); and concealment money laundering, in violation of 18 U.S.C. § 1956()a)(1)(B)(i). Petitioner was represented by court-appointed counsel Reggie McKnight. Two weeks before the scheduled trial, Mr. McKnight moved to withdraw after petitioner retained private counsel; however, the court denied such motion, permitting Mr.

---

1    The deadline for filing the Reply was February 1, 2013, and the court received the Reply February 7, 2013. Review of the Reply reveals that it contains no signature date, certificate of service, or other indicia of when petitioner delivered such document to prison authorities for mailing. Further, the envelope contains no date of cancellation. In an abundance of caution, the court has determined that the respondent received a copy of such document through ECF and that filing by the Clerk of Court on February 7, 2013, is consistent with delivery to prison authorities on or before February 1, 2013.

McKnight to continue representing petitioner along with retained counsel, Messrs. Charles Agege and Mark Foster.[2]

B.   **Plea and Rule 11**

Assisted by her retained counsel and her court-appointed attorney, petitioner entered into a Plea Agreement. In that agreement, petitioner agreed to plead guilty to Count One and the government agreed to dismiss the remaining counts. On January 31, 2011, petitioner appeared with her attorneys to enter her plea of guilty. She initially indicated that she was reluctant to enter her plea, and the hearing was discontinued. Petitioner then asked for the hearing to be put back on to allow her to enter her guilty plea. Judge Keesler allowed her request and petitioner reappeared that afternoon to enter her plea. After conducting a Rule 11 inquiry, Judge Keesler accepted such plea. See Plea Agreement (#147), 3:10cr124; Acceptance and Entry of Guilty Plea (#148), 3:10cr124.

C.   **Motion to Withdraw Plea**

Subsequent to acceptance of the guilty plea, petitioner attempted to withdraw the plea by alleging that she was too medicated to enter a knowing and voluntary guilty plea. Motion to Withdraw Plea (#253), 3:10cr124. Such motion was denied by David S. Cayer, United States Magistrate Judge, who denied the motion after considering the six factors outlined in United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). Order (#260), 3:10cr124. In making such determination, Judge Cayer closely reviewed petitioner's sworn answers given to questions asked by the court during the Rule 11 colloquy. In particular, Judge Cayer reviewed petitioner's as well as counsel's answers concerning prescribed medications petitioner was taking and the

---

2   The case was at that time assigned to Frank D. Whitney, United States District Judge, who denied the Motion to Withdraw for reasons stated on the record at the January 21, 2011, hearing. Transcript of Hearing (#255), 3:10cr124.

-3-

impact those drugs had on her ability to think. Judge Cayer concluded that "[t]hroughout the proceeding Defendant showed that she was fully engaged and mentally alert." Id. at 5. Indeed, in support of such conclusion, Judge Cayer cited to petitioner's response to a question that did not apply to her as an example of her clear-headedness:

> when asked whether she had been advised of the potential immigration consequences of her plea, Defendant quickly responded, "That's the first I've heard of that. But I am a citizen," showing that Defendant both understood the question and could quickly reason as to why it was not a concern for her. Id. at 11. When the Court followed up later on the same subject, Defendant responded that "I understand it perfectly. I'm born and raised right here." Id. Defendant's answers throughout the proceeding showed similar mental agility.

Id. at 5-6. After such decision was issued, petitioner filed a Motion for Reconsideration (#265), 3:10cr124, which this court denied after finding that the motion raised no new point or issue tending to show that the magistrate judge's order was clearly erroneous. Order (#279), 3:10cr124.

**D.      Sentencing**

A Presentence Investigation Report ("PSR") was submitted by pretrial services on April 22, 2011, to which petitioner objected May 16, 2011. Objections (#201), 3:10cr124. In her objections, petitioner objected to nearly all of the offense conduct reported by pretrial services. A final PSR was filed June 15, 20111, addressing such objections. Significantly, the final PSR recommended that petitioner not be credited with acceptance of responsibility.

A sentencing hearing was held on November 29, 2011, at which petitioner appeared and was represented by her retained counsel as well as court appointed counsel. Petitioner challenged the factual basis and, put to its burden, the government proffered evidence establishing each-and-every element of Count One. While petitioner proffered her own set of

facts, the court credited the government's factual presentation, entered a verdict of guilty, and overruled petitioner's objections to the offense conduct outlined in the PSR.

Having found a factual basis and resolved all objections to the PSR, the court concluded that petitioner had a total offense level of 20 and a criminal history category of I, resulting in an advisory guideline range of 33-41 months. Petitioner's motion for a downward variance was denied, and the court sentenced petitioner at the bottom of the advisory guidelines range to 33 months imprisonment. A Judgment consistent with such determination was entered December 2, 2011.

### E.    Appeal

Petitioner appealed this court's Judgment to the Court of Appeals for the Fourth Circuit, and her counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). Although asserting there were no meritorious issues under Anders, petitioner raised on direct appeal questions concerning whether her trial counsel coerced her plea and whether the government engaged in prosecutorial misconduct when it refused to file a § 5K1.1 motion at sentencing. In a supplemental *pro se* brief, petitioner also raised with the appellate court a contention that her counsel were unprepared for sentencing and that this court rushed the sentencing proceeding. The appellate court held that "the record offer[ed] no clear indication of deficient performance by counsel," and thus declined to address the allegations of ineffective assistance of counsel. Id. at 326. The appellate court also rejected the prosecutorial misconduct claim, finding the government had full discretion to decide whether petitioner's assistance was substantial and noted that petitioner conceded on appeal that she had not provided *any* assistance. Id. As to the claim that the court rushed the sentencing proceeding, the appellate court held "[a]fter

thoroughly reviewing the record, we conclude that Mobley's remaining claim is without merit and squarely contradicted by the record before us." Id.

## III. Discussion

To establish a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance fell below an objective standard of reasonableness, and that she was prejudiced by such constitutionally deficient representation. Strickland v. Washington, 466 U.S. 687, 687-91 (1984). In order to satisfy the performance prong, the petitioner "must show that counsel's representation fell below an objective standard of reasonableness." Id. at 687-88. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; see also Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1992). The prejudice prong is satisfied by showing that

> there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

Id. at 694. The petitioner "bears the burden of proving Strickland prejudice." Fields, 956 F.2d at 1297 (citation omitted). If the petitioner fails to meet this burden, a reviewing court need not consider the performance prong." Id. at 1290, citing Strickland, 466 U.S. at 697.

In considering the prejudice prong of the analysis, the court must not grant relief solely because the petitioner can show that, but for counsel's performance, the outcome would have been different. Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998), cert. denied, 528 U.S. 855 (1999). Rather, the court "can only grant relief under ... Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id., quoting Lockhart v. Fretwell, 506 U.S. 364 U.S. 364, 369 (1993).

In this case, petitioner's case was in no manner prejudiced by her counsel. Quite the opposite: counsel was highly effective in achieving a favorable result, while any failure to achieve a lower sentence was solely attributable to petitioner's own failure to accept any responsibility for her wrongful conduct.

### A. First Contention: Failure to Object Based on a Lack of Factual Basis

In her first contention, petitioner argues that her trial counsel were ineffective because they failed to object that there was no factual basis supporting the guilty plea. First, review of the Plea Agreement reveals that petitioner stipulated to the existence of a factual basis that supported her plea of guilty to Count One. Second, the government proffered evidence at sentencing that supported finding a factual basis. Third, and wholly contrary to petitioner's contention, counsel did in fact challenge the government's factual basis: "The defense is going to stand by the objection previously filed to the PSR…." Sentencing Trans. (#316), 3:10cr124, at 19. Further, rather than having to be sworn, taking the stand, and being subject to cross examination, petitioner's counsel successfully argued that she should be allowed to present her own version of the facts by way of proffer rather than sworn testimony. In doing so, counsel effectively allowed petitioner to provide the court with her version of events without exposing her to cross examination or a future charge of perjury. Rather than the ineffectiveness petitioner now claims, her trial counsel were highly effective as they were able to challenge the factual basis, albeit unsuccessfully, without exposing petitioner to additional charges. Petitioner's first claim is, therefore, without merit.

### B. Failure to Object as to Subjective Intent to Inflict Pecuniary Harm

Petitioner next contends that her counsel were ineffective because they failed to argue

that there was no evidence of subjective intent to inflict pecuniary harm. By objecting to the factual basis, counsel required the government to present evidence as to each-and-every element of Count One, including intent. Indeed, the evidence presented by the government was wholly consistent with the Offense Conduct outlined in the PSR, which in turn is replete with evidence that petitioner fully intended to inflict pecuniary harm. Among other things, petitioner knowingly falsified her loan application, took an illegal and undisclosed large cash kickback at closing, allowed payments on the home to lapse, and arranged for a short sale of the home (at approximately half the previously claimed value) while the foreclosure proceeding was pending. PSR at ¶¶14-20. Thus, by putting the government to the task of proving every element at sentencing, counsel in fact challenged the intent element, an element on which there was ample evidence of record. This claim is also without merit.

### C. Failure to Explain the Essential Elements of the Offense

Petitioner next contends that counsel were ineffective because they failed to explain the essential elements of Count One. Such contention is completely inconsistent with petitioner's sworn representations made at the Plea and Rule 11 Proceeding:

> THE COURT: Now, Mr. Meyers went over the charges contained in count one in the bill of indictment. The charge is conspiracy to commit mortgage fraud. Have you been over this information carefully with your lawyer?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Are you guilty of the charges contained in count one?
>
>     (Pause.)
>
> THE DEFENDANT: Yes.

Plea Trans. (#168), 3:10cr124, at 14. Judge Keesler went on to ask petitioner questions

concerning whether anyone "threatened, intimidated or forced you to enter your guilty plea today," which she answered in the negative, and whether "you had enough time to discuss with your lawyer any possible defenses you may have to these charges," which petitioner answered in the affirmative. Id. at 20. Further, petitioner averred that she was satisfied with the services of her defense team. Id. at 21.

"[B]ecause courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy," when a defendant makes "solemn declarations in open court affirming a plea agreement," this testimony carries "a strong presumption of verity." United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005). The Fourth Circuit has held that "in the absence of extraordinary circumstances, allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" Id. at 221-22 (citation omitted).

Petitioner does not allege that the Rule 11 was conducted improperly and petitioner has failed to point to any conduct by counsel that would circumvent the preclusive effect of Lemaster. Here, counsel has not admitted to being ineffective, and, in the context of Strickland, counsel was highly effective. It further appears that, based on a review of all the materials of record, petitioner was not an "un-counseled defendant" and has not provided any evidence that she lacked the capacity to either enter into a knowing and voluntary plea or to provide the court with truthful answers, as the court earlier determined. Absent "extraordinary circumstances," none of which have been alleged and none of which appear from a review of the record or in the PSR (which includes sections on mental and physical health, as well as educational

achievement), prevailing law provides that once the truth of the sworn statements made during a Rule 11 colloquy is established, any § 2255 request that would conflict with those averments should be summarily dismissed. Id. Thus, this contention is foreclosed by petitioner's sworn answers at the Plea and Rule 11 proceeding as provided by Lemaster.

### D. Government's Refusal to Move for an Acceptance of Responsibility Reduction

Finally, petitioner contends that counsel was ineffective by failing to object to the government's refusal to move for a reduction in offense level pursuant to U.S.S.G. § 3E1.1 (Acceptance of Responsibility). Section 3E1.1 allows for a two- or three-level reduction in offense level "if the defendant clearly demonstrates acceptance of responsibility for [her] offense . . ." U.S.S.G. § 3E1.1. Not only had petitioner not accepted responsibility for her wrongful conduct by the time of sentencing, she proffered a version of events that, if accepted, would paint her as a victim rather than a perpetrator of a crime, even though such supposed victimization netted her hundreds of thousands of dollars and resulted in her requesting that she be included in future unlawful deals. Indeed, as early as when the Presentence Report was being drafted, petitioner refused to provide a statement to pretrial services concerning her conduct. She persisted in such denial up to the point of imposition of sentence, where this court found "she's continued now to not accept any responsibility for any of this crime and now today to state her innocence," to which petitioner replied "[t]hat's because I am innocent. . . ." Sentencing Trans. (#316), 3:10cr124, at 74.

Based on this record, it would have been an exercise in futility for any attorney to argue for an acceptance of responsibility reduction as petitioner's own conduct up to and including the moment of sentencing foreclosed that avenue of relief. Indeed, petitioner's argument that

counsel should have argued for acceptance of responsibility is belayed by her continued failure to accept responsibility to this day.

E.  **Conclusion**

To establish a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance fell below an objective standard of reasonableness, and that she was prejudiced by such constitutionally deficient representation. Strickland, supra. Petitioner has failed to make any such showing as to either Strickland prong on any claim; the record reflects that her defense team was highly effective despite the roadblocks thrown in their way by petitioner; and that petitioner has only herself to blame for not receiving any credit for acceptance of responsibility.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the respondent's Motion to Dismiss (#7) is **GRANTED,** and petitioner's Motion to Vacate, Set Aside, or Correct Sentence (#1) is **DISMISSED** with prejudice.

**DENIAL OF CERTIFICATE OF APPEALABILITY**

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this court declines to issue a certificate of appealability as petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484–85 (2000) (in order to satisfy § 2253(c) when court denies relief on procedural grounds, a petitioner must demonstrate both that the dispositive procedural ruling

is debatable, and that the petition states a debatable claim of the denial of a constitutional right).

Signed: February 22, 2013

Max O. Cogburn Jr.
United States District Judge